354 So.2d 945 (1978)
Sidney H. PALEY and Allen Tucker, Appellants,
v.
COCOA MASONRY, INC., Appellee.
No. 77-1356.
District Court of Appeal of Florida, Second District.
February 3, 1978.
Barry J. McCaughey of McCaughey, Knaust & Evans, St. Petersburg, for appellants.
Jere E. Lober of Lovering, Pound & Lober, Rockledge, for appellee.
DANAHY, Judge.
Appellants/plaintiffs file this interlocutory appeal from the stay order of the trial court entered pursuant to Fla.R.Civ.P. 1.420(d) which prevents them from proceeding *946 further in this cause until payment of court costs assessed against their assignor in a prior suit wherein appellee/defendant was plaintiff and appellants/plaintiffs' assignor was defendant.
The stay order may not be reviewed by interlocutory appeal. Fla.App.Rule 4.2. But we choose to treat the appeal as a petition for certiorari. Stein v. Bayfront Medical Center, Inc., 287 So.2d 401 (Fla. 2d DCA 1974).[1] Certiorari is granted and the stay order is quashed.
In the case at bar, plaintiffs sued defendant, a masonry contractor, for breach of a contract between defendant and an apartment developer, Paltuco Carribbean of Florida, Inc., which arose from a dispute on a construction project known as the "White Lake" job. Plaintiffs are assignees of Paltuco's claim against defendant under that contract.
In the prior suit, defendant (plaintiff there) successfully sued Paltuco to foreclose a mechanics' lien on a construction project known as the "Tudor Village" job. In that suit, Paltuco voluntarily dismissed a permissive counterclaim it had filed against defendant alleging a breach of contract on the "White Lake" job. The claim contained in Paltuco's counterclaim is the same claim brought by plaintiffs in the case at bar.
The final judgment of foreclosure in the prior suit taxed costs in favor of defendant and against Paltuco by reciting: "... $6,000 for attorneys' fees with $712.40 court costs now taxed under the lien sued on in this action ..." The judgment neither identifies nor apportions costs between the main claim of defendant and the counterclaim of Paltuco. And there was no separate order assessing costs against Paltuco on the dismissed counterclaim.
In the stay order, the trial court required the total sum of $6,712.40 to be paid by plaintiffs to defendant as a condition to further proceedings in the suit at bar.
Defendant contends, and the lower court agreed, that the stay order was an appropriate remedy under Fla.R.Civ.P. 1.420(d) because the claim contained in the counterclaim in the prior suit was the same claim and between the same parties as in the case at bar.
Fla.R.Civ.P. 1.420(d) provides:
"(d) Costs. Costs in any action dismissed under this rule shall be assessed and judgment for costs entered in that action. If a party who has once dismissed a claim in any court of this State commences an action based upon or including the same claim against the same adverse party, the court shall make such order for the payment of costs of the claim previously dismissed as it may deem proper and shall stay the proceedings in the action until the party seeking affirmative relief has complied with the order." (Emphasis supplied).
The intent of the rule is clear enough. If a party voluntarily dismisses a claim, he cannot proceed in a second suit against the adverse party on that claim without first paying those costs assessed against him by the court in the original action. The operation of the rule, therefore, requires that the costs be assessed in the original litigation and that there be an identity of parties and claims in both actions. See Gordon v. Warren Heating & Air Conditioning, Inc., 340 So.2d 1234 (Fla. 4th DCA 1976).
In the case at bar, there is an identity of parties because plaintiffs, as assignees of the "White Lake" contract claim, stand in the shoes of their assignor, Paltuco. But the "White Lake" and "Tudor Village" claims are not the same. Paltuco was the apartment developer and defendant was the masonry contractor on both projects. That is the only connection between them.
In the prior suit, defendant prayed for attorneys' fees. Pursuant to Section 713.29, Florida Statutes (1975), the court *947 had authority to award reasonable attorneys' fees to defendant as the prevailing party, and to tax the same as costs against Paltuco. The foregoing statute provided the only basis for the assessment of attorneys' fees in the prior suit since there was no other statutory or contractual basis for such an award. See Polk County v. Deaton, 352 So.2d 571 (Fla. 2d DCA 1977). The inclusion of any aspect other than the mechanics' lien foreclosure in arriving at fees to be taxed as costs would be an impermissible expansion of the legislative intent contained in the statute. Accord Jackson v. Hatch, 288 So.2d 564 (Fla. 2d DCA 1974). No part of the attorneys' fees award was or could have been based directly on the voluntary dismissal of the counterclaim by Paltuco. Because the award of the attorneys' fees was based on the "Tudor Village" claim which is not the claim in the case at bar, the rule did not permit their inclusion in the stay order.
It does appear from the record that some of the $712.40 in other court costs may be attributable to the "White Lake" counterclaim. The rule does allow them to be included in the stay order since that claim is the same in both cases. Therefore, insofar as it can be shown which of those costs are attributable to the "White Lake" counterclaim in the prior suit, they may be included in any stay order the trial court may wish to enter hereafter. But, as with the attorneys' fees, other costs attributable to the "Tudor Village" claim must be excluded. If the parties are unable to identify and stipulate to a proper division of these other court costs, the trial court will be able to do so at an evidentiary hearing.
Therefore, the fees and other court costs as set forth in this opinion were based upon a different claim from the claim involved in the case at bar. Their inclusion in the stay order constituted a departure from the essential requirements of the law which effectively prevented plaintiffs from their day in court without an adequate remedy by appeal.
The petition for certiorari is granted. The stay order is quashed and this cause is remanded to the trial court for further proceedings not inconsistent with this opinion.
GRIMES, Acting C.J., and SCHEB, J., concur.
NOTES
[1] See generally Haddad, The Common Law Writ of Certiorari in Florida, XXIX U.Fla.L. Rev. 207 (1977).