363 So.2d 181 (1978)
Edna Carol BUBANI and Travelers Indemnity Co., Petitioners,
v.
Ervin ROGERS, by and through His Mother and Next Friend, Edith Rogers Foster, and Edith Rogers Foster, Individually, Respondents.
No. 78-1022.
District Court of Appeal of Florida, Fourth District.
October 11, 1978.
*182 Nancy Little Hoffmann, Ft. Lauderdale, and Gordon James, III, of Grimmett, Scherer & James, Ft. Lauderdale, for petitioners.
David J. Halberg, Miami, for respondents  Ervin Rogers and Edith Rogers Foster.
MOORE, Judge.
This is a petition for a common law writ of certiorari to review an order of the trial court which denied the defendant-petitioner's motion to dismiss the action until the plaintiffs-respondents paid the costs which had been assessed against them as a result of a previous voluntary dismissal.
In 1976 the plaintiffs filed a complaint for a personal injury action. The plaintiffs then announced a voluntary nonsuit and the defendant's motion to tax costs was entered in the amount of $1,108.33. The plaintiffs then filed a new complaint for the same cause of action without having satisfied the cost judgment from the first case. The defendant moved to dismiss the action until the prior cost judgment is satisfied. The motion was denied and the trial court stayed the cost judgment pending the outcome of the second action.
Subsequent to the filing of this petition the defendant moved to stay the lower court proceedings pending review. That motion was denied but the trial court required the plaintiffs to deposit the amount of the cost judgment in the court registry pending the outcome of this petition for certiorari.
The propriety of the trial court's actions is dependent upon an interpretation of Fla. R.Civ.P. 1.420(d) which states:
"(d) Costs. Costs in any action dismissed under this rule shall be assessed and judgment for costs entered in that action. If a party who has once dismissed a claim in any court of this State commences an action based upon or including the same claim against the same adverse party, the court shall make such order for the payment of costs of the claim previously dismissed as it may deem proper and shall stay the proceedings in the action until the party seeking affirmative relief has complied with the order."
This court has recently made it clear that costs assessed in the initial action must be paid before the plaintiff can proceed with the new action:
"Furthermore, the same rule makes it mandatory, where a new action is brought on the previously dismissed claim, for the trial court to stay proceedings in that new action until its order for payment of costs of the claim previously dismissed has been complied with. This rule has the obvious salutary effect of discouraging repeated lawsuits on the same claim by exacting payment of costs before the party whose claim was dismissed is allowed to proceed with a new edition of the identical cause of action." Gordon v. Warren Heating & Air Conditioning, Inc., 340 So.2d 1234, 1235-1236 (Fla. 4th DCA 1976).
The same result has also been reached in Paley v. Cocoa Masonry, Inc., 354 So.2d 945, 946 (Fla. 2d DCA 1978):
"The intent of the rule is clear enough. If a party voluntarily dismisses a claim, he cannot proceed in a second suit against *183 the adverse party on that claim without first paying those costs assessed against him by the court in the original action."
It is clear that the second suit cannot proceed until the costs previously assessed in the first action have been paid. The fact that the trial court has ordered that those funds be paid into the court registry does not render this case moot because the defendant is entitled to the actual receipt of those funds.
Furthermore, although the defendant's motion was entitled a "motion to dismiss," it requested that the action be dismissed until the prior cost judgment is satisfied. In essence, this is a motion to stay the action rather than a motion to dismiss.
Accordingly, the petition for writ of certiorari is granted and this cause is remanded for additional proceedings consistent with this opinion.
DAUKSCH and LETTS, JJ., concur.