RYDER, Judge.
Ralph Field and International Insurance Company, defendants below, petition for the issuance of a writ of common law cer-tiorari asking this court to quash an order of the trial court denying a motion for a stay of the proceedings in the lower court. The petitioners submit that the trial court departed from the essential requirements of .law by failing to follow the dictates of Fla.R.Civ.P. 1.420(d). We agree with the petitioners and grant certiorari in part.
Nettie Nelson initially filed suit against the petitioners in November 1977 for injuries allegedly received as a result of the contended negligent operation of a motor vehicle by Ralph Field. Nelson, however, voluntarily dismissed the suit without prejudice and, later, in June 1979, filed a second complaint based upon the same claim against the petitioners. Thereafter, the petitioners filed a motion under Rule 1.420(d) for payment of costs from the 1977 suit as well as a motion to stay the 1979 suit until the order was satisfied. On July 18, 1979, the trial judge issued an order for payment of costs as requested, but deferred collection of the costs until the conclusion of the 1979 suit, which he did not stay. We find that the trial court had no authority to defer the collection of the costs or to refuse to stay the 1979 suit:
Rule 1.420(d) provides that:
Costs in any action dismissed under this rule shall be assessed and judgment for costs entered in that action. If a party who has once dismissed a claim in any court of this State commences an action based upon or including the same claim against the same adverse party, the court shall make such order for the payment of costs of the claim previously dismissed as it may deem proper and shall stay the proceedings in the action until the party seeking affirmative relief has complied with the order.
At first glance, the phrase “as it may deem proper” might appear to give the trial court discretion to defer collection of costs and refuse to stay the second action. A review of the history of Rule 1.420(d) leads us to refuse to accept this interpretation, however. This provision was taken almost verbatim from Fed.R.Civ.P. 41(d). The only-change made in the federal rule when it was adopted in Florida was that the federal rule provides the trial judge may stay the *548 subsequent action while, as indicated above, Rule 1.420(d) provides that the trial judge shall stay the subsequent proceedings. This single change in the otherwise virtually verbatim adoption of the federal rule indicates that the trial judge was not intended to have any discretion in staying the subsequent proceedings under the Florida Rules of Civil Procedure.
This interpretation of Rule 1.420(d) is in accord with existing case law under that rule. See, e. g., Paley v. Cocoa Masonry; Inc., 354 So.2d 945 (Fla.2d DCA 1978); Bubani v. Rogers, 363 So.2d 181 (Fla.4th DCA 1978).
The intent of the rule is clear enough. If a party voluntarily dismisses a claim, he cannot proceed in a second suit against the adverse party on that claim without first paying those costs assessed against him by the court in the original action. The operation of the rule, therefore, requires that the costs be assessed in the original litigation and that there by an identity of parties and claims in both actions.
354 So.2d at 946. By deferring collection of the cost judgment and denying the motion for a stay, the trial judge in the present case frustrated the purpose behind the rule and deviated from the mandatory language of the rule.
Since the petitioner has suffered an injury for which there is an inadequate remedy by other means, certiorari is granted and the trial court’s order deferring collection of the cost judgment and denying the motion for a stay is quashed.
In its order of July 18, 1979, the trial court gave the plaintiff until the conclusion of the 1979 action to appeal the cost order. The portion of the petition for certiorari asking for review of this portion of the trial court’s order is denied. The error, if any, is remediable by other means.
Certiorari GRANTED in part and DENIED in part.
SCHEB, Acting C. J., and OTT, J., concur.