624 So.2d 257 (1993)
Robert A. WILSON, Petitioner,
v.
ROSE PRINTING COMPANY, INC., etc., Respondent.
No. 80354.
Supreme Court of Florida.
September 16, 1993.
W. Dexter Douglass and Gary Lee Printy of Douglass & Powell, Tallahassee, for petitioner.
Robert M. Ervin and Robert M. Ervin, Jr. of Ervin, Varn, Jacobs, Odom & Ervin, Tallahassee, for respondent.
SHAW, Justice.
We have for review Rose Printing Co. v. Wilson, 602 So.2d 600 (Fla. 1st DCA 1992), based on conflict with Coastal Petroleum Co. v. Mobil Oil Corp., 583 So.2d 1022 (Fla. 1991). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We approve Rose.
Wilson filed suit alleging that Rose Printing Company breached their employment agreement by discharging him without severance pay. After Rose disclosed the names of several witnesses four days before trial Wilson *258 voluntarily dismissed suit, but then less than six weeks later refiled a new action based on identical facts. Before proceeding in the second suit, Rose filed a motion to recover costs, including $19,472.60 in attorneys' fees, for the initial action relying on Florida Rule of Civil Procedure 1.420(d). Rose claimed entitlement to fees pursuant to the employment agreement, which provides that in the event of litigation the prevailing party may recover costs, including attorneys' fees.
The trial court denied Rose's motion, reasoning that because Wilson dismissed the case for strategic purposes prior to a hearing on the merits no prevailing party could be determined. The court ruled, however, that costs and fees incurred in the initial suit could be awarded to the prevailing party in the refiled action. The district court reversed, holding that "the judge's denial of Rose's motion to tax costs was a departure from the essential requirements of law, as was his decision to add to the costs and fees of the refiled action[] those costs and fees Rose incurred in defense of this suit." Rose, 602 So.2d at 603. The court further noted that, although rule 1.420(d) does not contemplate the assessment of attorneys' fees and the term "costs" is not generally understood to include such fees, the employment agreement in the present case reflects the parties' intent to treat fees as taxable costs. The district court ordered that the trial court reconsider Rose's motion to tax costs, including fees. We agree.
Rule 1.420(d) is unambiguous  costs are to be assessed in the action that is the subject of the voluntary dismissal:
Costs in any action dismissed under this rule shall be assessed and judgment for costs entered in that action. If a party who has once dismissed a claim in any court of this state commences an action based upon or including the same claim against the same adverse party, the court shall make such order for the payment of costs of the claim previously dismissed as it may deem proper and shall stay the proceedings in the action until the party seeking affirmative relief has complied with the order.
Fla.R.Civ.P. 1.420(d). Where a nondismissing party seeks costs under this rule, a court is without authority to defer assessment pending disposition of a subsequent action. Wilson's reliance on Coastal Petroleum v. Mobil Oil Corp., 583 So.2d 1022 (Fla. 1991), for the proposition that a trial court has discretion to defer assessment is misplaced. The discretion referred to in Coastal Petroleum pertains solely to the amount of costs to be assessed in the dismissed suit.
Further, this Court has consistently held that where a statute or agreement of the parties provides that the term "costs" includes attorneys' fees such fees are taxable under rule 1.420(d). Wiggins v. Wiggins, 446 So.2d 1078 (Fla. 1984); Campbell v. Maze, 339 So.2d 202 (Fla. 1976); City of Hallandale v. Chatlos, 236 So.2d 761 (Fla. 1970). The present employment agreement is unambiguous:
In connection with any litigation arising out of this agreement the prevailing party shall be entitled to recover all costs incurred, including reasonable attorney's fees for such litigation and any subsequent appeals.
The parties thus agreed that "costs ... includ[e] reasonable attorney's fees" for any litigation arising out of the agreement. That no prevailing party has been determined is irrelevant to our inquiry since it is rule 1.420(d), not the employment agreement, that entitles Rose to seek costs here. We look to the agreement merely to define costs, not to determine the circumstances under which costs may be awarded.
Based on the foregoing, we approve the district court's decision.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, GRIMES, KOGAN and HARDING, JJ., concur.