691 So.2d 50 (1997)
The ESTATE OF Nellie McGRAIL, Petitioner,
v.
William ROSAS and Ann Rosas, his wife, Respondents.
No. 96-3643.
District Court of Appeal of Florida, Fourth District.
April 9, 1997.
*51 Richard A. Sherman and Rosemary B. Wilder of Law Offices of Richard A. Sherman, P.A., Fort Lauderdale, and Keith Bregoff of Law Offices of Lawrence J. Signori, West Palm Beach, for petitioner.
Terry N. Freeman of Gamot & Freeman, West Palm Beach, for respondents.
PER CURIAM.
We grant this petition for writ of certiorari and quash an order denying a motion to stay this action filed because the plaintiff, who voluntarily dismissed an earlier lawsuit on the same claim, failed to pay the resulting cost judgment. The named defendant in the first suit filed by the Rosas was Nellie McGrail, who died after the voluntary dismissal. The defendant in this proceeding is Ms. McGrail's estate. In a separate order, the trial court ruled that there is to be no execution on the cost judgment unless and until the defendants prevail in this litigation.
The trial court entered an order denying the defendant's motion to dismiss/abate. The court, concluding that entering a stay is discretionary, found that "payment" of the costs was not a required precedent to the plaintiffs' pursuing the second lawsuit. Rule 1.420(d), Florida Rules of Civil Procedure, provides that:
(d) Costs. Costs in any action dismissed under this rule shall be assessed and judgment for costs entered in that action. If a party who has once dismissed a claim in any court of this state commences an action based upon or including the same claim against the same adverse party, the court shall make such order for the payment of costs of the claim previously dismissed as it may deem proper and shall stay the proceedings in the action until the party seeking affirmative relief has complied with the order. (emphasis added)
The trial court lacked discretion to deny a stay pending payment to the petitioner. The rule specifically provides that the court shall stay the proceedings in the second action "until the party seeking affirmative relief has complied with the order" for the payment of costs. Patently, abatement is mandatory until the cost judgment is satisfied. In Wilson v. Rose Printing Co., Inc., 624 So.2d 257 (Fla.1993), the supreme court held that where the non-dismissing party seeks costs under this rule, a court has no authority to defer assessment pending disposition of a subsequent action. Additionally, we decided in Bubani v. Rogers, 363 So.2d 181 (Fla. 4th DCA 1978), that the case could not proceed on the new complaint for the same cause of action until costs previously assessed had actually been paid to the defendant; payment is not satisfied by ordering funds paid into a court registry. This is consistent with Wilson. See also Field v. Nelson, 380 So.2d 547 (Fla. 2d DCA 1980).
Therefore, we grant the petition and quash the order under review.
GLICKSTEIN and STONE, JJ., concur.
POLEN, J., concurs specially.
POLEN, Judge, concurring specially.
While I agree with the result reached by the majority in this case, I do not believe the obligation of the trial court to abate or dismiss the second suit is as inflexible as the opinion suggests. For example, in Okeelanta Corporation v. Bygrave, Nos. 92-2773, 92-2792, and 92-2807, ___ So.2d ___ [1997 WL 91285] (Fla. 4th DCA March 5, 1997), we recently held that the actual assessment of costs could be deferred pending the outcome of the proceedings on remand, in a class action where the exact members of the class *52 against whom costs would be imposed, and their pro-rata share, could not be readily ascertained. While Okeelanta dealt with appellate costs assessed on remand, after a reversal of a judgment in favor of the class plaintiffs, perhaps the same analysis could apply here as well.
The issue here is whether, under any circumstances, the actual payment of costs can be deferred until the conclusion of the second suit. As the majority correctly notes, Wilson appears to preclude such a result. Nonetheless, the language of rule 1.420(d), "the court shall make such order for the payment of costs ... as it may deem proper ..." is susceptible to an interpretation that some discretion exists. (Emphasis supplied.) The following language "and shall stay the proceedings in the action until the party seeking affirmative relief has complied with the order" may be construed to mean that only if immediate payment is ordered, the stay is required. Perhaps this is a question the Rules of Civil Procedure Committee may wish to revisit.