MUIR, CELESTE HARDEE, Associate Judge.
This appeal is from two orders staying execution of a judgment awarding costs to a defendant that had been dropped from an earlier case. The trial judge stayed execution of the cost judgment in the earlier case pending the outcome of the second suit, “provided the defendant prevails.”
There were three orders in two eases entered by the trial court in effect denying a stay of a case refiled and allowing a plaintiff to proceed without payment first of the costs of the earlier case in favor of a “voluntarily dismissed” defendant.[1] One order in case 95-6915 denied a motion to dismiss or abate and required an answer in a second case filed on the same issues. Another order in case 93-5257 dated the same day entitled “Amended Final Judgment for Defendant” provided that the defendant recover costs from the plaintiffs in the sum of $1,892.50, but the order stayed execution pending the outcome of the second case no. 95-6915. Yet a third order in case 93-5257 entitled “Amended Order Granting In Part and Denying In Part Defendant’s Motion to Tax Costs” dated September 28,1995, stayed execution of the judgment for costs and stated twice, “provided the defendant prevails.”[2]
The mandate of the Fourth District Court of Appeal issued April 25, 1997, controlled the substantive issues in both appellate proceedings involving the three orders, all dated October 4, 1996, but the mandate referred only to the second ease filed below, 95-6915. Technically, this court still must resolve the appeal from the amended final judgment and the amended order granting in part and denying in part the motion to tax costs, in the earlier lower court case 93-5257, but the issues in both this appeal and the earlier certiorari proceedings are the same and as a practical matter have already been determined.
In the Estate of McGrail v. Rosas, 691 So.2d 50 (Fla. 4th DCA 1997), this court noted that abatement of a second case rais *1017 ing the same issues against a party is mandatory and a trial court has no authority to defer assessment of costs pending disposition of a second action. Once costs are assessed, the plaintiff cannot proceed on the new complaint on the same issues until the costs assessed are actually paid. See Bubani v. Rogers, 363 So.2d 181 (Fla. 4th DCA 1978).
Accordingly, we reverse the orders appealed in case 93-5257 to the extent that the trial court stayed payment of the judgment for costs provided the defendant prevails in the second case. We affirm as to the amount of the judgment for costs.
DELL and STEVENSON, JJ„ concur.

. The plaintiff dropped one of the three defendants referring in his notice to "voluntary dismissal;” however, the correct terminology is dropping a party. "Actions” are dismissed; parties are simply dropped. The rule involving dropping parties incorporates the notice provisions of the rule involving voluntary dismissals and in practice, the mandatory costs requirements of the rule for voluntary dismissals are also applied if a plaintiff files a subsequent case involving the same issues against a dropped defendant.

. Two orders were attached to the appellant’s related petition for certiorari, but one of the two orders referenced in the controlling opinion in the certiorari proceedings is attached to the notice of appeal in this case.