SHAHOOD, J.
We grant petitioner, Albertson’s, Inc. petition for writ of certiorari and quash the stay order.
Through attorney Eric Bruning, Carole Ann Neil filed a premises liability complaint against petitioner/defendant Albert-son’s, Inc. Neil through counsel voluntarily dismissed the lawsuit.
Three months later attorney Bruning filed a second suit. Thereafter, upon appropriate motion, the trial court granted Albertson’s motion to tax costs and entered a cost judgment in the amount of $10,419.28 against Neil.
Albertson’s moved to stay the second lawsuit noting the outstanding cost judgment. The trial court granted the motion to stay.
Neil moved to set aside the stay and to modify the cost judgment. She alleged that her prior counsel, Mr. Bruning voluntarily dismissed the first suit a week before the scheduled trial, and then agreed to the stay both without her knowledge or authorization.
Neil alleged that she had discharged attorney Bruning and was without knowledge that her first case had been dismissed or that a cost judgment had been entered against her. Neil alleged that as a result of the accident at Albertson’s she is totally disabled, unable to work, and without the ability to pay the cost judgment. Neil alleged that Mr. Bruning created the problem without consulting with her and without obtaining her consent.
The trial court entered an order lifting the stay “for a period of eight months.” We quash that order.
*585 Rule 1.420(d), Florida Rule of Civil Procedure provides as follows:
(d) Costs. Costs in any action dismissed under this rule shall be assessed and judgment for costs entered in that action. If a party who has once dismissed a claim in any court of this state commences an action based upon or including the same claim against the same adverse party, the court shall make such order for the payment of costs of the claim previously dismissed as it may deem proper and shall stay the proceedings in the action until the party seeking affirmative relief has complied with the order.
In the Estate of McGrail v. Rosas, 691 So.2d 50 (Fla. 4th DCA 1997), this court looking to Wilson v. Rose Printing Co., 624 So.2d 257 (Fla.1993), held that abatement of a second case raising the same issues against a party is mandatory and a trial court has no authority to defer assessment of costs pending disposition of a second action. Once costs are assessed, the plaintiff cannot proceed on the new complaint on the same issues until the costs assessed are actually paid. Id. (citing Bubani v. Rogers, 363 So.2d 181 (Fla. 4th DCA 1978)).
In Coastal Petroleum Co. v. Mobil Oil Corp., 583 So.2d 1022, 1025 (Fla.1991), the Florida Supreme Court held as follows:
When a voluntary dismissal occurs after an opposing party has incurred legitimate trial-preparation expenses, we believe the trial court properly may entertain a motion to award costs against the dismissing party. This is a matter largely left to the discretion of the trial court. As a general rule, we believe these costs should not exceed the amount that reasonably would have been awarded had the precise same expenditures occurred in litigation that actually went to trial.
The supreme court in Wilson found that the “discretion” referred to in Coastal Petroleum pertains solely to the amount of costs to be assessed in the dismissed suit. 624 So.2d at 258. In Rose Printing Co. v. Wilson, 602 So.2d 600 (Fla. 1st DCA 1992), approved, 624 So.2d 257 (Fla.1993), the first district held that the denial of Rose’s motion to tax costs was a departure from the essential requirements of law, as was the decision to add the costs and fees to the re-filed action.
We note that in McGrail, Judge Polen suggested that the inflexibility of rule 1.420(d) as interpreted by Wilson, might be an issue for the rules committee to revisit. The rule has not been changed.
The issue in this case is whether the order staying payment of the cost judgment is a. departure from the essential requirements of law. Based on McGrail, Wilson, and Bubani, the question must be answered in the affirmative.
We therefore grant the petition and quash the order under review.
FARMER and HAZOURI, JJ., concur.