STONE, J.
In consolidated cases, Commercial Services appeals[1] a final order awarding attorney’s fees to Patsy L. Campbell, following the dismissal of three mortgage foreclosure proceedings, each involving the same parcel of real property. Campbell cross-appeals the adequacy of the attorney’s fees award.
The attorney’s fees award is part of an award of “costs,” pursuant to Florida Rule of Civil Procedure 1.420, following a dismissal for failure to prosecute. Initially, the first two foreclosure actions were voluntarily dismissed and the third was dismissed for failure to prosecute.
Campbell asserts that she is entitled to attorney’s fees as part of the award of costs based on certain provisions in notes and mortgages that were executed in the late 1970s. The notes and mortgages do not provide for payment of the mortgagor’s attorney’s fees, but only for fees that are incurred by the mortgagee. Further, the notes and mortgages were entered into in 1978, prior to the 1988 amendment to chapter 57, Florida Statutes, which provides for reciprocal treatment where there is a contract provision for one party to pay the other’s attorney’s fees.[2] Because the notes and mortgages pre-date the reciprocal fees statute, that authority is not applicable here.
The trial court’s award is founded on its application of Wilson v. Rose Printing Co., 624 So.2d 257 (Fla.1993), where attorney’s fees were awarded as costs after the plaintiffs voluntary dismissal. There, an *1260 agreement provided that the prevailing party would be entitled to recover costs, including reasonable attorney’s fees.
In its order, the trial court explained that the foreclosure action involved two notes, one secured by a first mortgage and one by a second. The trial court pointed out that the first mortgage provided that if a suit was brought to collect on the note, “the Note holder shall be entitled to collect all reasonable costs and expenses of suit, including, but not limited to reasonable fees.” The court also concluded that the mortgage and notes reflected the parties’ intent to treat reasonable attorney’s fees as part of the taxable costs to be paid by the mortgagor if a suit was brought to collect the first note or if the note holder had accelerated payment of the second note.
Although the court recognized that the notes and mortgage pre-dated the effective date of section 57.105, the trial court determined that cases from both the Florida Supreme Court and this court provide that costs are recoverable under rule 1.420. See Wilson, 624 So.2d at 257, 258; see also Sholkoff v. Boca Raton Cmty. Hosp., Inc., 693 So.2d 1114, 1119 (Fla. 4th DCA 1997).
Recognizing that neither of these cases involved an agreement which was similar to the agreement in the present case, where “the parties treated attorneys’ fees as taxable costs, but not payable by the party from which the fees were sought,” in awarding attorney’s fees, the trial court noted that in Sholkojf, this court quoted Wilson, as follows:
In Wilson, the supreme court made it evident that, in awards of costs under rule 1.420(d), “[w]e look to the agreement merely to define costs, not to determine the circumstances under which costs may be awarded.” 624 So.2d at 258. Rule 1.420(d) provides the matter for which the costs may be assessed, and the agreement here provides the definition of costs as including attorney’s fees. Therefore it is unnecessary to resort to the agreement for anything more than the definition of costs. As the parties have made clear in that agreement that costs includes fees, the trial court did not err in including attorney’s fees in the award of costs.
693 So.2d at 1118.
Based on its reading of Sholkojf and Wilson, the trial court concluded:
Although the agreements between the parties in the case at bar do not provide for payment of costs by the mortgagor, they do define “costs” to include attorney’s fees. Therefore, the Court concludes that pursuant to Florida Rule of Civil Procedure 1.420(d), as construed by Wilson and Sholkojf, the “costs” to be assessed in this action include Defendant CAMPBELL’S reasonable attorney’s fees in Case No. 87-298-CA, which was dismissed for failure to prosecute pursuant to Florida Rule of Civil Procedure 1.420(e).
The term “costs” is not generally construed to include attorney’s fees absent an express contractual provision that defines expenses to include fees except when a statute or contractual agreement defines costs to include attorney’s fees. Rose Printing Co. v. Wilson, 602 So.2d 600, 603 (Fla. 1st DCA 1992).
We have considered the cases upon which Campbell relies, but deem them distinguishable in that, although the cases explain that attorney’s fees may be recoverable as “costs” under rule 1.420, such fees were recoverable pursuant to an underlying contract or statute. In the present case, because the underlying mortgage contract does not provide for fees, she cannot recover them under rule 1.420.
*1261 Wilson does not support the proposition that there need not be any underlying contractual obligation to pay fees. Here, there is no contractual agreement for a reciprocal award of attorney’s fees. The parties to this note and mortgage did not intend that the attorney’s fees be awarded to anyone other than the note holder, Commercial Services.
This court has previously recognized that such one-sided contractual provisions are valid. See Petrulli v. Castellano, 412 So.2d 432, 433 (Fla. 4th DCA 1982). See also Personnel One, Inc. v. John Sommerer & Co., P.A., 564 So.2d 1217, 1218 (Fla. 3d DCA 1990)(holding where contract provides that the creditor, alone, would be entitled to fees if it prevailed, the contract did not entitle the debtor to fees after it prevailed where the contract pre-dated the amendment to section 57.105).
Therefore, the order awarding fees is reversed and we remand for entry of an amended costs order without an award for attorney’s fees.
KLEIN and TAYLOR, JJ., concur.

. This proceeding was initially filed as a petition for writ of certiorari, but we treat it as a final appeal, applying Caufield v. Cantele, 837 So.2d 371 (Fla.2002).

. Chapter 88-160, Laws of Florida, effective October 1, 1988, provides:
If a contract contains a provision allowing attorney's fees to a party when he is required to take any action to enforce the contract, the court may also allow reasonable attorney’s fees to the other party when that party prevails in any action, whether as plaintiff or defendant, with respect to the contract.