BATEMAN, THOMAS H., Ill, Associate Judge.
The parties have been before this court once before. Commercial Serv. of Perry, Inc. v. Campbell, (Campbell I) 861 So.2d 1258 (Fla. 4th DCA 2003).
In the previous proceeding, we reversed an order awarding attorney’s fees and remanded to the trial court “for entry of an amended costs order without an award of attorney’s fees.” Id. at 1261. Campbell’s motion for stay of mandate pending review in the Florida Supreme Court was denied. Campbell’s petition for writ of certiorari in the supreme court was also denied, making our decision in Campbell I final. However, due to an oversight, this court never issued a mandate in the case.
In the meantime, Commercial Services filed a motion for judgment for costs in the trial court. A hearing was held and the trial court entered an amended order. A series of post-order motions by Campbell in the trial court were denied. Campbell timely appealed the trial court’s amended order to this court and raised two issues for our consideration.
Campbell first claims, and Commercial Services concedes, that the trial court lacked jurisdiction to enter the amended order because this court had not yet issued its mandate. See Brooks v. State, 937 So.2d 827 (Fla. 2d DCA 2006) (because the mandate had not issued the *260 trial court lacked jurisdiction to resentence Brooks); State v. Miyasato, 805 So.2d 818 (Fla. 2d DCA 2001) (mandate functions to end the jurisdiction of the appellate court and to return full jurisdiction of the case to the trial court); Washington v. State, 637 So.2d 296 (Fla. 1st DCA 1994) (the judgment of an appellate court becomes final upon issuance of a mandate).
Campbell also argues that because this court did not issue its mandate within fifteen days of the Florida Supreme Court’s decision denying review of this court’s order in Campbell I, this court permanently lost jurisdiction over the case. We disagree.
This is not a situation in which the court is attempting to recall a mandate it issued after the term of the court in which the case was heard has expired, as in State Farm Mut. Auto. Ins. Co. v. Judges of Dist. Court of Appeal, Fifth Dist., 405 So.2d 980 (Fla.1981). In this case, as a result of an oversight, the mandate in Campbell I was not issued at the proper time. Therefore, jurisdiction remained in this court. After reviewing the instant appeal, we instructed the clerk of the court to issue the mandate in Campbell I, and the mandate issued on July 13, 2006.
The amended order which is the subject of this appeal is reversed and remanded due to the trial court's lack of jurisdiction when it entered the order.

Reversed and remanded.

STEVENSON, C.J., and STONE, J., concur.