FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

TERRY L. CREAMER and DIANA L.　　　　)
CREAMER,　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　Appellants,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　　　)　　　Case No. 2D12-2304
　　　　　　　　　　　　　　　　　　　　　)
BAC HOME LOANS SERVICING, LP f/k/a　)
COUNTRYWIDE HOME LOANS　　　　　　)
SERVICING, LP,　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　Appellee.　　　　　　　　　　)
_____)

Opinion filed August 29, 2014

Appeal from the Circuit Court for Polk
County; J. Michael Hunter, Judge.

Richard R. Kosan, Brandon, for Appellants.

H. Michael Muniz of Kahane & Associates,
P.A., Plantation, for Appellee.


DAVIS, Chief Judge.

　　　　　　Terry and Diana Creamer challenge the denial of their motion for costs

and expenses following the dismissal of the foreclosure action brought against them by

BAC Home Loans Servicing.  We affirm the denial of the motion in regard to the request

for attorney's fees and the anticipated costs associated with determining the amount of

those fees.  We reverse and remand only for the award of the remaining costs requested in the motion.

BAC voluntarily dismissed the foreclosure action it filed when the parties reached a settlement.  Following this voluntary dismissal, the Creamers filed a motion for costs and expenses pursuant to Florida Rule of Civil Procedure 1.420.  Within this motion the Creamers also requested attorney's fees.[1]  BAC objected, arguing that there was no prevailing party to which attorney's fees could be awarded because the voluntary dismissal occurred as part of a settlement agreement between the parties.  At the hearing on this motion, the parties addressed whether the settlement agreement contemplated the voluntary dismissal as part of its terms and whether the motion sought costs that included attorney's fees pursuant to rule 1.420(d) or sought attorney's fees under the prevailing party provisions of section 57.105(7), Florida Statutes, and the mortgage agreement.  The Creamers' attorney argued that he was entitled to attorney's fees as a cost as defined by the terms of the mortgage, while BAC argued that attorney's fees were only requested, and were only available, through section 57.105(7).  Following this hearing, the trial court denied the motion.

On appeal the Creamers argue that under rule 1.420(d) the trial court could not, as a matter of law, make a determination as to a party's entitlement to costs, but the Creamers acknowledge that any determination regarding the amount of costs incurred is within the trial court's discretion under the rule.  The Creamers rely on Wilson

---

[1]The only cost sought by the Creamers other than the inclusion of the request for attorney's fees is the $85 cost of a court reporter for a summary judgment hearing that was incurred prior to the settlement and the voluntary dismissal.  The Creamers also anticipated a cost of $750 for bringing in an expert to testify as to the reasonableness of the costs incurred as attorney's fees.

- 2 -

v. Rose Printing Co., 624 So. 2d 257 (Fla. 1993), to assert that the judicial discretion in rule 1.420(d) only applies to determinations of amount and for the proposition that where the parties have contractually defined costs to include attorney's fees, such fees are awardable as costs under rule 1.420(d).

But an examination of the relevant portion of the instant mortgage indicates that the parties did not contractually define costs to include attorney's fees. In Wilson, the contract referred to "all costs incurred, including reasonable attorney's fees for such litigation and any subsequent appeals," id. at 258, whereas the instant mortgage stated that the "[l]ender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 18, including, but not limited to, reasonable attorneys' fees and costs of title evidence." Where the language of the mortgage does not define fees as costs, the trial court is correct to deny the award of fees sought as costs pursuant to rule 1.420(d). See also Lopez v. Bank of Am., N.A., 39 Fla. L. Weekly D620, D620 (Fla. 2d DCA Mar. 26, 2014) ("In Wilson, . . . the supreme court observed that the contractual prevailing party requirement was irrelevant because Rose Printing was seeking fees as part of its recoverable costs under rule 1.420(d), not under the contract's fee provision. This was made possible because the parties' contract included attorney's fees in its definition of costs." (emphasis added) (citation omitted)); cf. Indem. Ins. Co. of N. Am. v. Chambers, 732 So. 2d 1141, 1143 (Fla. 4th DCA 1999) ("[T]he trial court erred in determining that the provision for prevailing party attorney's fees in the underlying rental contract included attorney's fees incurred in the event of liability for personal or property damage. The contract provided for attorney's fees for collection of charges due under the agreement; the term 'charges,'

in this contract, clearly did not include costs of reimbursement for personal injury or property damages caused by the renter.").

Because the instant mortgage refers to costs and attorney's fees separately, the trial court properly denied the request for attorney's fees under rule 1.420. This remains true regardless of the other arguments regarding prevailing parties and preservation debated at the hearing and raised in the parties' briefs before this court. Accordingly, we affirm the portion of the order denying the request for attorney's fees. We also note that although issued after the hearing in the instant case, this court's holding in Lopez further precludes the award of attorney's fees to the Creamers under rule 1.420(d) because their pro se answer to the foreclosure complaint did not plead an entitlement to such attorney's fees. See 36 Fla. L. Weekly at D620-21.

Our affirmance on this issue makes the need for the recovery of the anticipated $750 costs associated with the expert testimony regarding the reasonableness of the fees incurred unnecessary. However, the Creamers remain entitled under rule 1.420 to the recovery of the requested $85 in court reporter costs. Accordingly, we reverse the denial of those costs and remand for the limited purpose of entering an order granting the motion for costs in the amount of $85.

Affirmed in part, reversed in part, and remanded.

KHOUZAM and BLACK, JJ., Concur.