DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STEVEN BIS** and **EUGENIA BIS,**
Appellants,

v.

**U.S. BANK NATIONAL ASSOCIATION,** AS TRUSTEE BY RESIDENTIAL
FUNDING COMPANY, LLC, f/k/a RESIDENTIAL FUNDING
CORPORATION ATTORNEY IN FACT,
Appellee.

No. 4D13-3310

[August 19, 2015]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm
Beach County; Diana Lewis, Judge; L.T. Case No. 2009CA000488.

Michael Alex Wasylik of Ricardo & Wasylik, PL, Dade City, for
appellants.

Donna L. Eng, Michael K. Winston and Dean A. Morande of Carlton
Fields Jorden Burt, P.A., West Palm Beach, for appellee.

CIKLIN, C.J.

Steven and Eugenia Bis, defendants below ("the Homeowners"),
appeal the denial of their motion for attorneys' fees and costs following
the voluntary dismissal of the foreclosure action by U.S. Bank National
Association ("the Bank"). We affirm the trial court's denial of attorneys'
fees, but we find error with respect to the denial of costs.

The Bank's foreclosure action against the Homeowners proceeded for
several years until the Bank filed a notice of voluntary dismissal on the
day that trial was scheduled to take place. Thereafter, the Homeowners
moved for attorneys' fees and costs. After a hearing on entitlement only,
the trial court denied their motion in total.

The record on appeal does not include a transcript of the hearing on
the Homeowners' motion for attorneys' fees and costs. As such, absent a
transcript of the hearing, this court may reverse only where error
appears on the face of the order being appealed. *Wolfe v. Nazaire*, 758

So. 2d 730, 733 (Fla. 4th DCA 2000). The Bank challenged the adequacy of Homeowners' pleadings with regard to attorney's fees and there is no error apparent on the face of that portion of the order denying attorney's fees.

On the other hand, with regard to costs, the Bank voluntarily dismissed its action pursuant to Florida Rule of Civil Procedure 1.420, which provides in pertinent part, "Costs in any action dismissed under this rule shall be assessed and judgment for costs entered in that action, once the action is concluded as to the party seeking taxation of costs." Fla. R. Civ. P. 1.420(d). "Rule 1.420(d) is unambiguous – costs are to be assessed in the action that is the subject of the voluntary dismissal."[1] *Wilson v. Rose Printing Co.*, 624 So. 2d 257, 258 (Fla. 1993).

Although a transcript of the fees and costs hearing is absent from the record, the underlying motion, *which is part of the record,* makes it clear that the Homeowners' properly sought costs below. Because the Bank voluntarily dismissed the action and there was no agreement to the contrary, the Homeowners are entitled to costs and the trial court erred in denying them. Under these facts, however, rule 1.420 does not contemplate an award of attorneys' fees.

Consequently, we reverse and remand for a hearing on the amount of costs to be awarded in favor of the Homeowners.

*Affirmed in part, reversed in part, and remanded with instructions.*

STEVENSON and GROSS, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

---

[1] Obviously, parties to an action may always stipulate that each is to bear the responsibility for their own costs (and fees, if applicable) but no such agreement appears in the record.

2