DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**EFFRAIM MILCE** and **VALCINA MILCE,**
Appellants,

v.

**WELLS FARGO BANK, N.A.,**
Appellee.

No. 4D14-3744

[January 27, 2016]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Roger B. Colton, Senior Judge; L.T. Case No. 2014CA004416XXXXMB.

Brian Korte of Korte & Wortman, P.A., West Palm Beach, for appellants.

Michael K. Winston, Dean A. Morande and Kristin A. Gore of Carlton Fields Jorden Burt, P.A., West Palm Beach, for appellee.

GROSS, J.

We affirm the final judgment of foreclosure and write to address one issue—whether the trial court erred by proceeding to trial instead of staying the action pursuant to Florida Rule of Civil Procedure 1.420(d). We hold that even though the bank had voluntarily dismissed the first foreclosure action, the homeowner was not entitled to a stay of the second action because there was no order liquidating the amount of costs to which the homeowners were entitled.

The bank filed a foreclosure action against the homeowners in 2009. In 2013, the bank voluntarily dismissed the action. In June 2013, the homeowners moved to tax attorney's fees and costs. An order entitling the homeowners to attorney's fees and costs was entered on June 11, **2014**; the court scheduled a hearing to liquidate the amount on November 14, 2014.

Meanwhile, the bank filed its second foreclosure complaint against the homeowners in April 2014. The case went to trial on September 24, 2014. At the outset, the homeowners argued that, because of the outstanding

issue of fees and costs arising from the voluntary dismissal of the first action, the trial in this case had to be stayed until costs were assessed and paid. The bank pointed out that the homeowners had moved for fees and costs immediately after dismissal in June 2013, but had not been in a hurry to liquidate the amount. The following exchange occurred:

**Court**: What took so long?

**Homeowner**: Unfortunately, the rule has no time limitation. It doesn't say there was any time that this has to be brought in this action. If these amounts aren't paid yet, it's mandatory in this current course to stay this action until those amounts are determined and actually paid.

The court denied the motion to stay and the case proceeded to trial.

Where a plaintiff has taken a voluntary dismissal, costs "shall be assessed and judgment for costs entered in that action." Fla. R. Civ. P. 1.420(d). The rule provides:

If a party who has once dismissed a claim in any court of this state commences an action based upon or including the same claim against the adverse party, the court shall make such order for the payment of costs of the claim previously dismissed as it may deem proper and shall stay the proceedings in the action until the party seeking affirmative relief has complied with the order.

*Id.*

Rule 1.420(d) "specifically provides that the court shall stay the proceedings in the second action 'until the party seeking affirmative relief has complied with the order' for the payment of costs. Patently, abatement is mandatory until the cost judgment is *satisfied.*" *Estate of McGrail v. Rosas*, 691 So. 2d 50, 51 (Fla. 4th DCA 1997). "Once costs are assessed, the plaintiff cannot proceed on the new complaint on the same issues until the costs assessed are actually paid." *Albertson's Inc. v. Neil*, 784 So. 2d 584, 585 (Fla. 4th DCA 2001).

We read the rule as requiring the entry of an order or judgment for payment of a specific amount of costs before a defendant can be entitled to a stay. Under rule 1.420(d), it is the noncompliance with "the order" that triggers a defendant's entitlement to a stay of the second action. Here there was no order liquidating costs. Without such an order, a plaintiff cannot "comply" within the meaning of the rule by making payment. The

homeowners were entitled to have costs assessed immediately after the entry of the voluntary dismissal. *See Caufield v. Cantele*, 837 So. 2d 371, 376 (Fla. 2002) ("[R]ule 1.420(d) provides that costs are to be assessed immediately after a dismissal is entered"); *Gordon v. Warren Heating & Air Conditioning, Inc.*, 340 So. 2d 1234, 1235 (Fla. 4th DCA 1976) ("[T]he appellant should have been awarded costs and attorney's fees immediately following dismissal of the first action."); *McKelvey v. Kismet, Inc.*, 430 So. 2d 919, 921 (Fla. 3d DCA 1983) (finding "costs are to be assessed immediately after a dismissal is entered"). Nothing in this record suggests that the homeowners diligently sought a hearing to assess costs.

*Affirmed.*

GERBER and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***