DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**FRANCES FRIES,**
Appellant,

v.

**TIM ANDERSON** and **LAURA ANDERSON,**
Appellees.

No. 4D22-650

[January 25, 2023]

Appeal from the County Court for the Fifteenth Judicial Circuit, Palm Beach County; Marni A. Bryson, Judge; L.T. Case No. 50-2019-SC-019717-XXXX-SB.

Lisa Weber of The Law Office of Lisa Weber, P.A., Boca Raton, for appellant.

Dara Kustler, Poinciana, for appellees.

CONNER, J.

Appellant, Frances Fries ("the Landlord"), appeals the trial court's order of entitlement to attorney's fees and final judgment awarding fees to Appellees, Tim and Laura Anderson ("the Tenants"), entered after the Tenants prevailed in their underlying action to recover their security deposit from the Landlord. Because the Tenants failed to properly plead a claim for attorney's fees, we reverse the trial court and remand for further proceedings.[1]

*Background*

---

[1] A prior appeal of the order determining entitlement was dismissed as premature, resulting in further litigation in the trial court regarding appellate fees for the dismissed appeal, as well as other post-security-deposit-judgment proceedings. Our decision that a claim for fees was not properly pled in the statement of claim and remanding the case for further proceedings moots the other issues which the Landlord raises in this appeal regarding fees for the dismissed appeal and other post-judgment proceedings.

Beginning in 2016, the Tenants leased the Landlord's residential property for three consecutive years, signing a lease each year. Each lease contract referenced Chapter 83, Florida Statutes, as to defaults and remedies related to the lease. Each lease contract also contained the following provision: "26. ATTORNEYS' FEES. In any lawsuit brought to enforce the Lease or under applicable law, the party in whose favor a judgment or decree has been rendered may recover reasonable court costs, including attorneys' fees, from the non-prevailing party."

At the end of the third lease year, 2019, the Tenants vacated the property, but the Landlord did not return their security deposit. The Tenants filed a pro se statement of claim in county court to recover their security deposit from the Landlord. The statement of claim read in full:

> Plaintiff(s): Tim Anderson Laura Anderson sues [sic] Defendant[] [the Landlord] and alleges:
>
> 1. This is an action for damages that do not exceed the sum of $5,000.00.
>
> 2. Plaintiff(s) claim the amount of $2500.00 as being due from Defendant(s) named herein, and as the basis of this action alleges: withholding security deposit – (1) [illegible dollar amount]
>
> WHEREFORE, Plaintiff[s] demand[] judgment for damages against the Defendant(s) in the sum of $2500.00, plus costs of court.

No lease agreement was attached.

Counsel for the Tenants filed a notice of appearance after a non-jury trial had been set. The Landlord was pro se through the non-jury trial.

A final judgment was entered for the Tenants, awarding them $2,245.30 in damages and court costs against the Landlord. The trial court retained "jurisdiction over the matter and the Parties to enter further orders deemed necessary" and specified, "[t]his Order is dispositive of all issues and parties; the Clerk of Court is directed to close the file." No appeal of the security deposit final judgment was taken.

Shortly after entry of the security deposit final judgment, the Tenants filed a motion for attorney's fees specifically referring to paragraph 26 of

the leases. Thereafter, counsel for the Landlord filed a notice of appearance and a response in opposition to the motion for fees.

The motion for fees proceeded to a hearing, first on the issue of entitlement. The trial court heard testimony and received evidence. Four days after the hearing, the Tenants filed an amended motion for fees to supplement the original motion, seeking fees "in accordance with Florida Small Claims Rules 7.175, Chapters 83.48 and 83.49(3)(c), and, Chapter 57.105(1) Florida Statutes [sic]."

The trial court then entered an order granting entitlement to fees, finding the Tenants were entitled to reasonable attorney's fees as the prevailing party and pursuant to "Florida Small Claims Rules 7.175, Chapters 83.48 and 83.49(3)(c), and, Chapter 57.105(1) Florida Statutes [sic], as well as the ruling in *Ganz v. HZJ, Inc.*, 605 So. 2d 871 (Fla. 1992)." The entitlement order recounted the background information of the underlying security deposit issue and outlined the filings related to the attorney's fees issue. The filings included the Tenants' amended motion for fees, which was not filed until after the hearing. The entitlement order also found the Tenants' post-final judgment initial motion for fees proper and timely pursuant to Florida Small Claims Rule 7.175. Regarding entitlement to fees pursuant to section 57.105, Florida Statutes, the trial court found the Landlord "knew or should have known that she was on statutory notice as a landlord since November 1, 2016, the date of the parties' first lease, that the prevailing party in a dispute over security deposits is *entitled* by law to fees and costs pursuant to Chapter 83.49(3)(c)."

Subsequently, the trial court conducted a hearing as to the amount of fees and entered a final judgment awarding attorney's fees to the Tenants. The Landlord gave notice of appeal.

*Appellate Analysis*

We review *de novo* the legal issue of whether an attorney's fees claim was properly pled pursuant to *Stockman v. Downs*, 573 So. 2d 835, 837-38 (Fla. 1991). *Save on Cleaners of Pembroke II Inc. v. Verde Pines City Ctr. Plaza LLC*, 14 So. 3d 295, 296-97, 297 n.4 (Fla. 4th DCA 2009).

The Landlord argues that the Tenants waived their right to recover attorney's fees from the underlying security deposit action because they did not plead for such before trial. Additionally, the Landlord points out that no contracts are in the record on appeal to demonstrate entitlement

to attorney's fees,[2] nor did the trial court reserve jurisdiction on the issue of attorney's fees in the final judgment resolving the original security deposit action.

The Tenants respond that they properly pled entitlement to attorney's fees when they expressly requested "costs of court" in their initial statement of claim because the applicable lease agreement defines "court costs" as including attorney's fees. Additionally, the Tenants maintain they properly requested attorney's fees by filing a motion pursuant to Florida Small Claims Rule 7.175 within 30 days of the final judgment resolving the security deposit issue.

In *Stockman*, our supreme court held "that a claim for attorney's fees, whether based on statute or contract, must be pled. Failure to do so constitutes a waiver of the claim." 573 So. 2d at 837-38. The supreme court later clarified that "use of the phrase 'must be pled' is to be construed in accord with the Florida Rules of Civil Procedure. Complaints, answers, and counterclaims are pleadings pursuant to Florida Rule of Civil Procedure 1.100(a)." *Green v. Sun Harbor Homeowners' Ass'n*, 730 So. 2d 1261, 1263 (Fla. 1998).

The *Stockman* holding created a uniform notice requirement for all attorney's fee claims and replaced a prevailing distinction that it was unnecessary to plead a claim for fees when the claim was authorized by statute, but that attorney's fees must be pled when the claim was pursuant to a contract. *Stockman*, 573 So. 2d at 836-37. The supreme court emphasized its reasoning for the rule centering around the fundamental concern of notice, stating:

> The existence or nonexistence of a motion for attorney's fees may play an important role in decisions affecting a case. For example, the potential that one may be required to pay an opposing party's attorney's fees may often be determinative in a decision on whether to pursue a claim, dismiss it, or settle. A party should not have to speculate throughout the entire course of an action about what claims ultimately may be alleged against him.

*Id.* at 837 (footnote omitted). The supreme court expressly stated its disapproval of case law holding that a claim for "fees either pursuant to statute or contract need not be pled." *Id.* at 838.

---

[2] The trial court docket does not reflect a list of exhibits introduced or marked for identification at the security deposit trial conducted on March 17, 2021.

In the present case, the Tenants' statement of claim primarily requested the return of their security deposit and demanded relief as follows: "WHEREFORE, Plaintiff[s] demand[] judgment for damages against the Defendant(s) in the sum of $2500.00, *plus costs of court.*" (emphasis added). An expressly specific claim for "attorney's fees" is not mentioned in the record until the Tenants' post-judgment motion for fees.

The Tenants point to the language of the three lease agreements that include attorney's fees in defining the term "court costs": "26. ATTORNEYS' FEES. In any lawsuit brought to enforce the Lease or under applicable law, the party in whose favor a judgment or decree has been rendered may recover reasonable *court costs, including attorneys' fees,* from the non-prevailing party." (emphasis added). While the term "costs" is not generally understood to include attorney's fees, Florida courts have recognized the authority of parties to agree to contractual terms with the intent of treating fees as costs. *See, e.g., Wilson v. Rose Printing Co.*, 624 So. 2d 257, 258 (Fla. 1993) (allowing attorney's fees to be included as costs taxed against a party pursuant to Florida Rule of Civil Procedure 1.420(d) based on the definition of costs including attorney's fees in the contract between the parties); *Sholkoff v. Boca Raton Cmty. Hosp., Inc.*, 693 So. 2d 1114, 1118-19 (Fla. 4th DCA 1997) (same). *Wilson* and *Sholkoff* emphasized the importance of looking to the contract to determine the definition of costs. *Wilson*, 624 So. 2d at 258; *Sholkoff*, 693 So. 2d at 1119.

However, in the instant case, the lease agreements are not referenced in relation to the "costs of court" demand in the Tenants' statement of claim. Rather, the "costs of court" demand in the Tenants' statement of claim appears to be part of the form pleading furnished by the court clerk to pro se litigants—which form the Tenants utilized, and on which they simply filled in the blanks. While Florida Small Claims Rule 7.050(a)(1) only requires a statement of claim to be "in concise form" and to "inform the defendant of the basis and the amount of the claim," utilizing the pro se form without more is problematic to the Tenants' position on their claim for fees because the standard form demanding "costs of court," on its own, likely refers to the generally accepted definition of costs that does not include attorney's fees. *See Wilson*, 624 So. 2d at 258. This theory is supported by the security deposit final judgment that awarded "court costs" in the amount of $195.30 and expressly stated: "This Order is dispositive of *all issues* and parties. . . ." (emphasis added).

More importantly, no copy of any lease agreement was attached to the statement of claim, although rule 7.050(a)(1) requires that "[i]f the claim is based on a written document, a copy or the material part thereof *shall* be

5

attached to the statement of claim." Fla. Sm. Cl. R. 7.050(a)(1) (emphasis added). Thus, the fact that the Tenants did not reference the lease agreements in demanding "costs of court" or attach the lease agreements to the statement of claim operates as a failure to comport with the purpose of the pleading requirement addressed in *Stockman* regarding notice. *See Stockman*, 573 So. 2d at 837. This is further supported by the fact that the Tenants filed the statement of claim pro se and without any mention of the pleading being prepared with the assistance of counsel. *See O'Boyle v. Town of Gulf Stream*, 341 So. 3d 343, 344-46 (Fla. 4th DCA 2022).

The Tenants correctly assert that they were not required to plead the specific basis for their fees claim in their pleading to avoid waiver. *See Caufield v. Cantele*, 837 So. 2d 371, 378 (Fla. 2002). However, the pleading must be sufficient to provide notice of the Tenants' intention to pursue a fee claim and prevent unfair surprise. *See Stockman*, 573 So. 2d at 837. Here, the demand for "costs of court," as viewed within the entirety of the statement of claim, did not serve to put the Landlord on notice of the Tenants' intent to seek attorney's fees. Thus, we hold the claim for attorney's fees was not sufficiently pled.[3]

*Conclusion*

For the above reasons, we reverse the entitlement order and final judgment awarding fees and remand for a new entitlement hearing with correct application of the rule and exception in *Stockman*.

*Reversed and remanded for further proceedings.*

GROSS and LEVINE, JJ., concur.

\*      \*      \*

**Not final until disposition of timely filed motion for rehearing.**

---

[3] We note that in *Stockman*, our supreme court recognized an exception to the pleading requirement "[w]here a party has notice that an opponent claims entitlement to attorney's fees, and by its conduct recognizes or acquiesces to that claim or otherwise fails to object to the failure to plead entitlement, that party waives any objection to the failure to plead a claim for attorney's fees." 573 So. 2d at 838. However, the answer brief makes no argument for affirmance based on applying the *Stockman* exception. Instead, the Tenants contend that the *Stockman* notice requirement was complied with, making the *Stockman* exception "superfluous and unnecessary." Because the applicability of the *Stockman* exception was not adequately addressed, we make no determination as to that issue.

6