DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MAX MOLLERSTROM,**
Appellant,

v.

**MILEYDIS ZAMBRANA** o/b/o **M.M.,**
Appellee.

No. 4D22-2670

[August 30, 2023]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Thomas J. Coleman, Judge; L.T. Case No. DVCE22-001102.

Morgan L. Weinstein of Twig, Trade, & Tribunal, PLLC, Fort Lauderdale, for appellant.

Meaghan K. Marro of Marro Law, P.A., Plantation, for appellee.

GERBER, J.

In this family law matter, the father appeals from the circuit court's post-dismissal order denying the father's post-dismissal motion to tax costs as untimely. The father primarily argues that because Florida Family Law Rule of Procedure 12.420(c) required the court to award costs upon entering a dismissal order, the circuit court erred in denying his motion to tax costs as untimely. *See* Fla. Fam. L. R. P. 12.420(c) ("Costs *shall* be assessed ....") (emphasis added). We agree with the father's argument and therefore reverse.

The circuit court applied a "reasonable time" standard to the father's motion to tax costs, and found that, even though the court had entered its involuntary dismissal order on July 6, 2022, the father's "wait[ing] until July 25, 2022 to file his Motion to Tax Costs" was "unreasonable under the facts and circumstances of this case." According to the court:

> In April 2022, [the father] filed his *Townsend* Motion in accordance with *State v. Townsend*, 635 So. 2d 949 (Fla. 1994) [(discussing factors for the trial court's consideration in

determining a child hearsay statement's reliability)]. [The father] should have made his claim for costs within a reasonable time thereafter and provided [the mother] with notice that he would be seeking costs.

The circuit court's reasoning was error. As the Third District explained in *Helinski v. Helinski*, 305 So. 3d 703 (Fla. 3d DCA 2020):

> Rule 12.420, entitled "Dismissal of Actions," establishes the procedures to be followed for voluntary and involuntary dismissals of actions, and is similar (though not identical) to its civil counterpart, Florida Rule of Civil Procedure 1.420 ("Dismissal of Actions"). What is identical in both rule 12.420 and rule 1.420 is that, upon a … dismissal of the action, the trial court is mandated to assess costs. Rule 12.420(c) provides:
>
> > Costs. *Costs shall be assessed*, except that the court may not require the payment of costs of a previously dismissed claim, which was based on or included the same claim against the same adverse party as the current action.
>
> (Emphasis added).
>
> For comparison purposes, rule 1.420(d) provides in pertinent part:
>
> > Costs. *Costs in any action dismissed under this rule shall be assessed* and judgment for costs entered in that action, once the action is concluded as to the party seeking taxation of costs.
>
> (Emphasis added).
>
> As can be seen, both provisions are couched in mandatory language. And as the Florida Supreme Court recognized in construing the civil counterpart: "Rule 1.420(d) is unambiguous—costs are to be assessed in the action that is the subject of the … dismissal …." *Wilson v. Rose Printing Co., Inc.*, 624 So. 2d 257, 258 (Fla. 1993).

*Id.* at 709-10 (internal footnote omitted).

2

Based on the above reasoning, the Third District in *Helinski* "agree[d] [with the former wife] that [her] supplemental request for costs, filed following th[e] [former husband's] voluntary dismissal, and the application of rule 12.420(c), control[led] ...." *Id.* at 710. Accordingly, the Third District "reverse[d] ... the order denying the former wife's motion for costs, and remand[ed] for a hearing to assess taxable costs pursuant to rule 12.420(c) and for further proceedings ...." *Id.*

Here, although the circuit court entered an involuntary, rather than a voluntary, dismissal, the same reasoning applies. *See id.* at 709 ("Rule 12.420, entitled 'Dismissal of Actions,' establishes the procedures to be followed for voluntary *and* involuntary dismissals of actions ....") (emphasis added).

The mother in the instant case attempted to convince the circuit court that *Helinski* was distinguishable because "the *Helinski* matter [wa]s a [section] 61.16 ... proceeding that involved post[-]judgment matters between former spouses that contained a provision related to future proceedings and a reservation of jurisdiction." However, the Third District held otherwise. The Third District explained:

> Had the former wife's motion for costs been made solely in the context of a request for temporary fees and costs pursuant to section 61.16 (as her initial motion was), we might well have affirmed the trial court's order denying costs. ... [G]iven ... the trial court's exercise of discretion under section 61.16, one could reasonably expect that our determination on the issue of costs would be consistent with our determination on the issue of fees. However, following the former husband's voluntary dismissal, the former wife supplemented her request, with the additional ground that rule 12.420(c) mandates taxable costs be assessed against the former husband and awarded to her. We agree that the supplemental request for costs, filed following that voluntary dismissal, and the application of rule 12.420(c), controls the result here.

*Id.* at 710.

Lastly, even if the "reasonable time" standard applied to the father's motion to tax costs, the circuit court should have reviewed the motion's timeliness using the dismissal order date as the benchmark date, not the filing date of the father's *Townsend* motion. *See Helinski*, 305 So. 3d at 710 ("[T]he supplemental request for costs, *filed following th[e]* voluntary *dismissal*, and the application of rule 12.420(c), controls the result here.")

3

(emphasis added). Using the dismissal order date as the benchmark date, the father's motion to tax costs—which was filed within twenty days of the dismissal order's entry—was filed within a reasonable time.

Based on the foregoing, we reverse the order denying the father's motion for costs, and remand for a hearing to assess taxable costs pursuant to rule 12.420(c) and for further proceedings.

*Reversed and remanded for further proceedings.*

WARNER and MAY, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**