PER CURIAM.
This is a petition for writ of certiorari in which the petitioner, plaintiff in the trial court, seeks review of an order granting respondent-defendant’s motion to tax costs and to stay further proceedings until such costs are paid by the plaintiff.
Plaintiff’s suit for personal injuries, arising from an automobile accident, was *883 dismissed without prejudice for failure to meet the jurisdictional thresholds required to maintain a suit against a tort feasor under the Florida Automobile Reparations Reform Act (No Fault Insurance Act). No costs were assessed and no appeal was taken from this order of dismissal. On June 27, 1975, plaintiff filed another suit against appellees growing out of the same accident. On September 5, 1975, the trial court entered an order in this cause taxing costs against the plaintiff for expenses in the action previously dismissed. Rule 1.420(d), RCP, provides:
“(d) Costs. Costs in any action dismissed under this rule shall be assessed and judgment for costs entered in that action. If a party who has once dismissed a claim in any court of this State commences an action based upon or including the same claim against the same adverse party, the court shall make such order for the payment of costs of the claim previously dismissed as it may deem proper and shall stay the proceedings in the action until the party seeking affirmative relief has complied with the order.” (emphasis added)
Plaintiff contends that the rule provides that costs arising out of the first action cannot be assessed in the later action and further that the mandatory language of the statute that the court shall order payment of costs and shall stay the proceedings in the action thereafter commenced, is only applicable to voluntary dismissals.
Rule 1.420(d) provides that costs in any case dismissed thereunder shall be assessed and judgment for costs entered in that action. It is clear that the costs assessed were those incurred in the original action, and the order thereon was entered in the second action. Therefore, such order before us for review on certiorari was improperly entered. We need not reach and pass upon the question as to whether or not Rule 1..420(d) applies only to voluntary dismissals.
The order of the trial court is quashed.