GRIFFIN, Judge.
This is an appeal of an order awarding costs, including attorney’s fees, incurred in a *73 separate action and staying the present action until payment of those costs. We elect to treat the appeal as a petition for writ of certiorari and vacate both the cost award and the stay of the present action.
Winford Lindsay and Associates, Inc., the plaintiff below (“Winford”), was the architect for a number of high-rise condominiums under a contract with Marina Point Development Corporation, Inc. In 1989, Winford brought an action against the corporation and two individual defendants, one of whom was Basil “Buddy” Cook, to recover monies allegedly owed under the contract.
The amended complaint was dismissed in its entirety for failure to state a claim. Cook was not named as a defendant in the second amended complaint. When Cook moved for an involuntary dismissal, Winford voluntarily dismissed him from the action. Winford later obtained leave to file a third amended complaint which added Cook as a party defendant and Cook was again served with process. Nevertheless, the court subsequently agreed with Cook that since he had previously been voluntarily dismissed from the lawsuit, he could not again be added as a party defendant. Instead, the court found that Winford was required to file a new action against Cook in order to assert its claims against him.[1] The court’s final order denied Cook’s application for costs, including attorney’s fees, incurred by Cook in obtaining dismissal of the action, but provided that “if Plaintiff files a new action, this court shall consider the assessment of costs and attorney’s fees to be paid by Plaintiff.”
In 1991, Winford brought a new action against Cook containing substantially the same allegations as those involved in the original action. Cook moved for an award of the costs and fees incurred in the earlier action and for a stay of the new action until payment of those costs and fees. The court granted Cook’s motion and stayed the present action until payment of the award.[2]
On appeal, Winford contends that the trial court in this action erred in assessing costs and/or fees incurred in the earlier action.[3] He relies on Florida Rule of Civil Procedure 1.420(d), which provides:
Costs in any action dismissed under this rule shall be assessed and judgment for costs entered in that action. If the party who has once dismissed a claim in any court in this state commences an action based upon or including the same claim against the same adverse party the court shall make such order for the payment of costs of the claim previously dismissed as it may deem proper and shall stay the proceedings of the action until the party seeking affirmative relief has complied with the order. (Emphasis added).
As the rule indicates, a cost award must be made in the same action in which the dismissal was obtained. Thus, in Roundtree v. Hartford Accident & Indem., 327 So.2d 882 (Fla. 3d DCA 1976), the court invalidated a cost award made in a subsequent action for costs incurred in an earlier action and lifted a stay that had been entered in the subsequent action until payment of those costs. In so holding, the court relied on that portion of rule 1.420(d) providing that “costs in any case dismissed thereunder shall be assessed and judgment for costs entered in that action.” Id. at 883. See also Wilson v. Rose Printing Co., 624 So.2d 257 (Fla.1993). The court was without authority to award costs and fees in the second action for the first action. Cook elected not to appeal the order denying him costs in the first action. There is accordingly no cost judgment on which to base the stay in this case.
REVERSED.
HARRIS, C.J., and DAUKSCH, J., concur.

. The action was ultimately dismissed in its entirety by Winford.

. The court awarded Cook costs of $432.12 and attorney’s fees of $12,515.50.

. Given our disposition of this issue, we need not reach the remaining issues raised on appeal.