PER CURIAM.
Melton Management, Inc. d/b/a McDonald’s (“Melton”) appeals an order denying its motion to tax costs and abate proceedings under Florida Rules of Civil Procedure 1.420 and 1.525. We affirm.
Valerie Krott-Shaughnessy (“Shaugh-nessy”) filed a personal injury action against Melton for negligence. After extensive discovery, and on the eve of trial, Shaughnessy voluntarily dismissed the action. Melton’s counsel intentionally did not file a Rule 1.525 motion within thirty days of the dismissal because Melton’s counsel believed Shaughnessy “did the *321 right thing” by voluntarily dismissing the action and was pro se. Approximately one year later, Shaughnessy retained new counsel who re-filed a complaint for personal injury against Melton. The cause of action and the parties were the same as those in the first action.
Within thirty days of the filing of the second complaint, Melton moved to tax costs and abate the proceedings under Rule 1.420(d) until the costs of the initial action were paid. The trial court held a hearing and denied Melton’s motion under Rule 1.420(d) due to Melton’s failure to file a motion for costs within thirty days of the day of the voluntary dismissal of Shaugh-nessy’s first complaint as required under Rule 1.525. The trial court also denied Melton’s request to allow the filing based on excusable neglect after hearing that Melton’s counsel voluntarily elected not to file a motion for fees or costs because Shaughnessy “did the right thing” by voluntarily dismissing the action and was pro se. This timely appeal ensued.
In the proceedings below, Melton’s trial counsel argued that Rule 1.420(d) is applicable to the case at bar and serves to waive or alter the time requirements of Rule 1.525. In contrast, Melton’s appellate counsel chose to abandon that position and now asserts only that the trial court erred by not conducting an excusable neglect inquiry.
As to Melton’s position on appeal, we find that the record supports the lower court’s conclusion that Melton intentionally chose not to pursue a claim for costs in the first action. As such, there can be no excusable neglect. See Fla. High Sch., Activities, Inc. v. Latimer, 750 So.2d 762, 763 (Fla. 3d DCA 2000) (excusable neglect rule “is not intended to relieve a party from its own tactical mistakes”); BMW of N. Am., Inc. v. Krathen, 471 So.2d 585, 588 (Fla. 4th DCA 1985) (excusable neglect warrants relief from judgment only “where it is the result of generally accepted practices and amenities among the local bar”); Smiles v. Young, 271 So.2d 798, 802 (Fla. 3d DCA 1973) (“after making a decision not to request a copy [of a court-appointed physician’s report] and accepting the benefits of the choice, a plaintiff ought not be allowed to label the ‘mistake’ one of ‘inadvertence or excusable neglect’ ”). Therefore, we conclude that the trial court did not err and affirm.
AFFIRMED.
POLEN, MAY, JJ, and DAMOORGIAN, DORIAN K, Associate Judge, concur.