PER CURIAM.
Gisleda Ramos petitions for a writ of certiorari seeking review of a trial court order that awarded attorney’s fees and costs to respondent, Orthodontic Centers of Florida. The order was entered after Ramos had voluntarily dismissed a counterclaim. This is a final order, Canfield v. Cántele, 837 So.2d 371 (Fla.2002), and we accordingly treat this as a plenary appeal.
Florida Rule of Civil Procedure 1.525 provides, “Any party seeking .a judgment taxing costs, attorneys’ fees, or both shall serve a motion within thirty days after filing of the judgment, including a judgment of dismissal, or the service of a notice of voluntary dismissal.”
Ramos argues that, because the motion for fees was not filed within thirty days after she voluntarily dismissed her counterclaim, the trial court erred in granting the motion for fees. The trial court rejected that argument, concluding that the thirty-day period does not apply where, under rule 1.420(d), the successful party in the prior action is seeking a stay of a second action based on the same claim until the costs are paid for the first action. The problem with the trial court’s reasoning is that it is directly contrary to the plain wording of rule 1.525. Melton Mgmt., Inc. v. Krott-Shaughnessy, 872 So.2d 320 (Fla. 4th DCA 2004) (applying rule 1.525 to rule 1.420(d)). Reversed.
POLEN, KLEIN and GROSS, JJ., concur.