MORRIS, Judge.
Scott Rohleder seeks certiorari review of an order abating his Hillsborough County action for defamation against Charles Posternack and James P. Wiberg. The *258 order abates the Hillsborough County action until Rohleder pays Posternack $3037.48 in costs incurred by Posternack in a prior action filed and dismissed by Rohleder in Palm Beach County. We grant Rohleder’s petition for writ of certio-rari for the reasons expressed below.
Rohleder first filed an action against Posternack and Wiberg in Palm Beach County in July 2010, but Rohleder voluntarily dismissed that action in November 2010. Rohleder then filed a similar action against Posternack and Wiberg in Hills-borough County in July 2012. In the second action in Hillsborough County, Poster-nack filed a motion for the amount of costs he incurred in the first action prior to Rohleder’s voluntary dismissal and to abate the second action until Rohleder paid such costs to Posternack. The circuit court granted the motion to abate until such time as Rohleder pays Posternack $3037.48 in costs or an alternative amount of costs to be determined by the Palm Beach County court.
In his petition for writ of certiorari, Rohleder claims that the circuit court departed from the essential requirements of the law in abating the second action and in ordering him to pay costs incurred in the first action because only the Palm Beach County court had the authority to make such an award of costs pursuant to Florida Rule of Civil Procedure 1.420(d).[1] He claims that he will suffer irreparable harm because he cannot proceed in the action below and that there will be no final judgment to appeal.
Costs in any action dismissed under this rule shall be assessed and judgment for costs entered in that action, once the action is concluded as to the party seeking taxation of costs. When one or more other claims remain pending following dismissal of any claim under this rule, taxable costs attributable solely to the dismissed claim may be assessed and judgment for costs in that claim entered in the action, but only when all claims are resolved at the trial court level as to the party seeking taxation of costs. If a party who has once dismissed a claim in any court of this state commences an action based upon or including the same claim against the same adverse party, the court shall make such order for the payment of costs of the claim previously dismissed as it may deem proper and shall stay the proceedings in the action until the party seeking affirmative relief has complied with the order.
This court must consider whether the order “departs from the essential requirements of law, causing material injury to a petitioner throughout the remainder of the proceedings below and effectively leaving no adequate remedy on appeal.” Allstate Ins. Co. v. Langston, 655 So.2d 91, 94 (Fla.1995). Several cases hold that where the plaintiffs first action was dismissed and refiled again, rule 1.420(d) provides that only the first court has the authority to assess costs incurred by the defendant in the first case. See, e.g., Field v. Nelson, 380 So.2d 547, 547-48 (Fla. 2d DCA 1980); Winford Lindsay & Assocs. v. Cook, 637 So.2d 72, 73 (Fla. 5th DCA 1994); Round-tree v. Hartford Accident & Indem., 327 So.2d 882, 882-83 (Fla. 3d DCA 1976). In Winford Lindsay, 637 So.2d 72, and Roundtree, 327 So.2d 882, the district courts granted certiorari relief because the second courts improperly taxed costs incurred by the defendants in the first actions and stayed the second actions until those costs were paid by the plaintiffs.
We conclude that the Hillsborough County circuit court departed from the essential requirements of law when it ordered Rohleder to pay costs incurred by Posternack in the first action where Pos-ternack did not seek or obtain a judgment for costs in the first action. In addition, Posternack is now barred from seeking a *259 judgment for costs incurred in the first action because he did not file a timely motion for costs at the conclusion of the first action. See Fla. R. Civ. P. 1.525 (“Any party seeking a judgment taxing costs, attorneys’ fees, or both shall serve a motion no later than 30 days after filing of the judgment, including a judgment of dismissal, or the service of a notice of voluntary dismissal, which judgment or notice concludes the action as to that party.”); Fla. R. Civ. P. 1.420(d); Ramos v. Orthodontic Ctrs. of Fla., 893 So.2d 663 (Fla. 4th DCA 2005) (holding that rule 1.525 applies to rule 1.420(d)).
The order on review stays the case until Rohleder pays $3037.48 to Poster-nack. The order “effectively prevent[s]” Rohleder from his “day in court without any adequate remedy by appeal.” Paley v. Cocoa Masonry, Inc., 354 So.2d 945, 947 (Fla. 2d DCA 1978) (granting certiorari relief where second court stayed second action until costs were paid from first action; a portion of costs ordered in the first action did not relate to the claim pending in the second action, and it was therefore a departure from the essential requirements of the law to stay the second action until those costs were paid). Accordingly, we grant Rohleder’s petition for writ of certio-rari and quash the order granting stay. See Winford Lindsay, 637 So.2d 72; Roundtree, 327 So.2d 882.
Petition granted; order quashed.
ALTENBERND and CASANUEVA, JJ., Concur.

. Rule 1.420(d) provides: