DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PATRICIA SALMON,**
Appellant,

v.

**FORECLOSED ASSET SALES AND TRANSFER PARTNERSHIP,**
substituted for **U.S. BANK TRUST, N.A.,** as Trustee for **LSF6 MRA REO TRUST,**
Appellee.

No. 4D13-4618

[April 22, 2015]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Howard Harrison, Senior Judge; L.T. Case No. 502012CA016436.

Brian Korte of Korte and Wortman, P.A., West Palm Beach, for appellant.

Charles A. Kohler, Satellite Beach, for appellee.

GROSS, J.

In the film *It's a Wonderful Life*, local banker George Bailey makes loans to his neighbors in Bedford Falls. No doubt, he took the notes and mortgages and put them in the safe in the back room, where the only risk was Uncle Billy and his failing memory. When George faces a monetary crisis, his neighbors step up with Christmas Eve donations to save George and his building and loan.

Those days are long gone.

This case involves a home mortgage. After the borrower signed the loan paperwork, the note was bundled, securitized, and indorsed to a series of holders with inscrutable acronyms like LSF6 Mercury REO Investments Trust Series 2008-1 or LSF6 MRA REO Trust until the note ended up with U.S. Bank Trust, N.A., which filed a foreclosure complaint on August 29, 2012 as trustee for LSF6 MRA REO Trust.

After the lawsuit was filed Foreclosed Asset Sales and Transfer Partnership ("FASTP"), was substituted as a party plaintiff on February 14, 2013. An affidavit executed by the president of FASTP's servicer stated that FASTP had been assigned all rights to the note and mortgage by Federal Trust Bank as part of a bulk sale. An August 9, 2012 assignment of mortgage was attached; it indicated that the transfer was from U.S. Bank Trust, N.A., not Federal Trust Bank. This assignment also states that it assigns the mortgage, "together with certain note(s) described therein with all interests, all liens, and any rights due or to become due thereon."

The law on mortgage foreclosures developed at a time when mortgages generally remained with the same financial institution that made the loan, like George Bailey's building and loan. Two of these long-standing rules are that the plaintiff in a mortgage foreclosure demonstrate standing at the time the lawsuit was filed and that a plaintiff cannot acquire standing after filing.

This was a summary final judgment of foreclosure. In the light most favorable to the borrower, U.S. Bank Trust, N.A. sold the note on August 9, 2012, twenty days before it filed suit, without any record explanation of its authority to file suit on behalf of FASTP. On this record, there is a question of fact as to whether U.S. Bank Trust, N.A. had standing to file suit on August 29, 2012.

The summary final judgment is reversed.

WARNER and FORST, JJ., concur.

*       *       *

***Not final until disposition of timely filed motion for rehearing.***