DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CHARLES G. NOLAN,**
Appellant,

v.

**MIA REAL HOLDINGS, LLC,**
Appellee.

No. 4D15-666

[February 24, 2016]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Catherine M. Brunson, Judge; L.T. Case No. 50-2013-CA013363XXXXMB .

Brian Korte and Scott J. Wortman of Korte & Wortman, P.A., West Palm Beach, for appellant.

Jerome L. Tepps of Jerome L. Tepps, P.A., Sunrise, for appellee.

GROSS, J.

We reverse the final judgment of foreclosure because the action was barred by the "two dismissal" rule of Florida Rule of Civil Procedure 1.420(a)(1). In successive actions, two different plaintiff/note holders sought to foreclose based on the same breach. Each plaintiff filed a voluntary dismissal of its lawsuit. For the purpose of rule 1.420(a)(1), we hold that the two noteholders—the original plaintiff and the subsequent assignee of the note—were the same "plaintiff" under the rule, so that the second voluntary dismissal triggered an "adjudication on the merits." *Id.*

Flagstar Bank filed a foreclosure action against the homeowner, which it voluntarily dismissed. Flagstar assigned the note and mortgage to DKR Mortgage, which then filed a second foreclosure action against the homeowner, on the same note, alleging the same breach. MIA Real Holdings substituted as the party plaintiff in that action after it purchased the note from DKR Mortgage. MIA voluntarily dismissed the second action. Subsequently, MIA filed a third complaint on the same note, alleging the same breach, which resulted in the final judgment on appeal.

"[A] notice of dismissal operates as an adjudication on the merits when served by a plaintiff who has once dismissed in any court an action based on or including the same claim." Fla. R. Civ. P. 1.420(a)(1). Under this rule, "a plaintiff may voluntarily dismiss his or her lawsuit at practically any time . . . without prejudice however to plaintiff's commencing a wholly new lawsuit against the same defendant **if the right to do so has not been exercised before**." *Randle-Eastern Ambulance Serv., Inc. v. Vasta*, 360 So. 2d 68, 68 (Fla. 1978) (emphasis added).

An assignor of a note "conveys to the assignee his or her rights and interest" in the note assigned. *Dove v. McCormick*, 698 So. 2d 585, 589 (Fla. 5th DCA 1997). As a matter of substantive law, the "assignee thereafter stands in the shoes of the assignor and may enforce the contract against the original obligor in his own name." *Lauren Kyle Holdings, Inc. v. Heath-Peterson Constr. Corp.*, 864 So. 2d 55, 58 (Fla. 5th DCA 2003). It follows that here, MIA stands in the procedural shoes of Flagstar, the first plaintiff/assignor which took a voluntary dismissal. *See Variety Children's Hosp. v. Mt. Sinai Hosp. of Greater Miami, Inc.*, 448 So. 2d 546, 548 (Fla. 3d DCA 1984) (affirming final summary judgment in favor of appellees because the hospital twice voluntarily dismissed before initiating a third action, noting that "the dismissal of the first two actions operates as a bar to the filing of a third complaint by Variety *and by those in privity with* Variety, including its insurers.") (emphasis added). Any other interpretation of the rule could lead to as many voluntary dismissals as there are assignments and this is an area where notes are often assigned and reassigned. *See, e.g., Salmon v. Foreclosed Asset Sales & Transfer P'ship*, 162 So. 3d 1142, 1143 (Fla. 4th DCA 2015) (observing that the note at issue was "bundled, securitized, and indorsed to a series of holders"). The two voluntary dismissals, taken by two different plaintiffs but involving the same note and the same breach, required that the second dismissal operate as an adjudication on the merits; if it wanted to pursue its claim for non-payment, MIA was required to refile a lawsuit against the homeowners alleging a new and separate breach by non-payment on the note. *See Singleton v. Greymar Assocs.*, 882 So. 2d 1004, 1006-07 (Fla. 2004).

*Reversed and Remanded.*

WARNER and LEVINE, JJ., concur.

\*        \*        \*

**Not final until disposition of timely filed motion for rehearing.**

- 2 -