DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ANA VILLALONA,**
Petitioner,

v.

**21ST MORTGAGE CORPORATION,**
Respondent.

No. 4D15-4151

[May 4, 2016]

Petition for writ of certiorari to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Joel T. Lazarus, Judge; L.T. Case No. CACE 14022730.

Brian Korte and Scott J. Wortman of Korte & Wortman, P.A., West Palm Beach, for petitioner.

Victor Kline of Greenspoon Marder, P.A., Orlando, for respondent.

GERBER, J.

The defendant in a foreclosure action petitions for certiorari review of the circuit court's order denying her motion for stay of the action. The defendant argues she was entitled to a stay because she had not been paid her attorney's fees and costs incurred in defending an action previously dismissed by a first plaintiff, which later assigned the note and mortgage to the second plaintiff. We grant the petition, because the second plaintiff acquired not only the rights, but also the obligations, of the first plaintiff.

The first plaintiff filed a mortgage foreclosure action against the defendant. The first plaintiff later voluntarily dismissed the action. The defendant filed a motion for attorney's fees and costs. The circuit court granted the defendant's motion, and awarded the amount of fees and costs which the defendant was to recover from the first plaintiff.

Later, the second plaintiff filed a new foreclosure action against the defendant, based upon the same claim upon which the first plaintiff based its action. The second plaintiff attached to its complaint documents

evidencing the assignment of the note and mortgage from the first plaintiff to the second plaintiff.

The defendant moved to stay the second plaintiff's action pending payment of her fees and costs from the previously dismissed action, pursuant to Florida Rule of Civil Procedure 1.420(d). That rule provides:

> **Costs.** Costs in any action dismissed under this rule shall be assessed and judgment for costs entered in that action, once the action is concluded as to the party seeking taxation of costs. When one or more other claims remain pending following dismissal of any claim under this rule, taxable costs attributable solely to the dismissed claim may be assessed and judgment for costs in that claim entered in the action, but only when all claims are resolved at the trial court level as to the party seeking taxation of costs. *If a party who has once dismissed a claim in any court of this state commences an action based upon or including the same claim against the same adverse party, the court shall make such order for the payment of costs of the claim previously dismissed as it may deem proper and shall stay the proceedings in the action until the party seeking affirmative relief has complied with the order.*

Fla. R. Civ. P. 1.420(d) (2014) (emphasis added).

In response, the second plaintiff primarily argued that, because it was a different party than the first plaintiff, rule 1.420(d) did not require the payment of the defendant's fees and costs from the previously dismissed action in order to preclude staying the proceedings in the pending action.

The circuit court denied the defendant's motion for stay. This petition followed. We have jurisdiction. *See, e.g., Albertson's, Inc. v. Neil*, 784 So. 2d 584, 585 (Fla. 4th DCA 2001) (accepting certiorari jurisdiction to review a trial court order denying a stay until payment of costs under rule 1.420).

We grant the petition. The fact that the second plaintiff was a different party than the first plaintiff does not preclude rule 1.420(d)'s application. On the contrary, rule 1.420(d) applies because the second plaintiff, as assignee, acquired not only the rights, but also the obligations, of the first plaintiff, as assignor.

This reasoning is consistent with the reasoning of one of our recent cases. In *Nolan v. MIA Real Holdings, LLC*, 185 So. 3d 1275 (Fla. 4th DCA 2016), we applied rule 1.420(a)(1)'s "two dismissal" provision to bar the

third holder of a note from bringing a third foreclosure action against the defendants based upon the same default.  We reasoned:

> Any other interpretation of the rule could lead to as many voluntary dismissals as there are assignments and this is an area where notes are often assigned and reassigned.  The two voluntary dismissals, taken by two different plaintiffs but involving the same note and the same breach, required that the second dismissal operate as an adjudication on the merits; if it wanted to pursue its claim for non-payment, [the third holder] was required to refile a lawsuit against the [defendants] alleging a new and separate breach by non-payment on the note.

*Id.* at 1276 (internal citations omitted).  *See also Variety Children's Hosp. v. Mt. Sinai Hosp. of Greater Miami, Inc.*, 448 So. 2d 546, 548 (Fla. 3d DCA 1984) ("[T]he dismissal of the first two actions operates as a bar to the filing of a third complaint by [the plaintiff] *and by those in privity with* [*the plaintiff*], including its insurers.") (emphasis added).

Here, the second plaintiff stands in the same shoes as the third holder in *Nolan* for purposes of applying rule 1.420(d).  Therefore, the circuit court's order, denying the defendant's motion to stay pending the payment of her fees and costs from the previously dismissed action, departed from the essential requirements of law, resulting in irreparable harm.

Based on the foregoing, we grant the defendant's petition and quash the circuit court's order denying her motion to stay.  We remand with directions for the court to stay the second plaintiff's action pending the payment of the defendant's fees and costs from the previously dismissed action.

We have considered the second plaintiff's other arguments in response to the defendant's petition, and conclude without further discussion that those arguments lack merit.

*Petition granted with directions.*

CIKLIN, C.J., and FORST, J., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

3